UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                          Chapter 7

Rashawnda Lavette Williamson,                                   Case No. 15-51465

      Debtor.                                                   Hon. Phillip J. Shefferly
_____/

### ORDER DENYING MOTION TO SET ASIDE DISCHARGE

On July 31, 2015, the Debtor filed this Chapter 7 case. On November 10, 2015, the Court granted the Debtor a discharge. On November 13, 2015, the Debtor filed an amended motion ("Motion") (ECF No. 23) to temporarily set aside the discharge. The Motion alleges that the Debtor wishes to enter into a reaffirmation agreement for a 2011 Hyundai with Credit Acceptance Corporation. The Motion further alleges that Credit Acceptance Corporation will enter the reaffirmation agreement if the Debtor's discharge is set aside. No timely responses were filed to the Motion. On December 2, 2015, the Debtor filed a certificate of no response and submitted a proposed order for entry.

Although the Motion does not expressly state why the Debtor needs to have her discharge set aside, the reason is obvious to the Court. Section 524(c)(1) of the Bankruptcy Code states that a reaffirmation agreement made in a bankruptcy case is only enforceable if the agreement is made before the granting of a discharge. Once the Court entered her discharge on November 10, 2015, the Debtor could no longer enter an enforceable reaffirmation agreement under § 524(c)(1). Here, the Debtor admittedly did not enter a reaffirmation agreement with Credit Acceptance Corporation before her discharge was granted. The Motion explains that even though the Debtor and the

Debtor's attorney executed a reaffirmation agreement before the Debtor received her discharge, the Debtor did not send the reaffirmation agreement to Credit Acceptance Corporation for its execution because the "Debtor wanted to investigate options for another vehicle." Unfortunately, the Debtor's proposed remedy for this problem - having the Court set aside her discharge for seven days - is not a remedy that the Court is authorized to grant.

This exact issue was addressed in In re Smith, 467 B.R. 122 (Bankr. W.D. Mich. 2012). In that case, the debtors filed a motion for an order setting aside their discharge so that they could negotiate, sign and file a reaffirmation agreement regarding their mortgage loan. In denying the motion, the Court began by explaining why setting aside a discharge to permit a reaffirmation agreement is inconsistent with the Bankruptcy Code.

> Setting aside the Discharge, however, would undermine the Congressional design, expressed in 11 U.S.C. § 524 and elsewhere, to require interested parties and the courts, where invited, to consider reaffirmation agreement issues early in the case. 11 U.S.C. § 524(c)(1). By insisting that a reaffirmation agreement be made before discharge and by setting filing deadlines early in the case, Congress intended to insulate debtors from post-discharge pressure to bargain away their fresh start. In addition to the requirement that the agreement be "made" before discharge is granted as a condition of enforceability, Rule 4008 imposes a deadline early in the case for filing reaffirmation agreements-a deadline that has already expired (though the court has discretion to extend it.) Fed. R. Bankr. P. 4008(a) and 9006(b)(3).
>
> The enforceability of a reaffirmation agreement is not the only consequence related to the entry of a discharge. For example, in a consumer Chapter 7 case such as the present, the entry of the discharge terminates the automatic stay in material respects. 11 U.S.C. § 362(c)(2)(C). It is far from clear to the court that setting aside the discharge would re-impose the automatic stay, potentially leaving the Debtors without the protection that flows from the carefully dove-tailed injunctive provisions of sections 362, 524, and 727.

Id. at 125. See also In re Stewart, 355 B.R. 636, 638-39 (Bankr. N.D. Ohio 2006 (same); In re Smith, No. 11-35051, 2012 WL 441322 (Bankr. N.D. Ohio Feb. 10, 2012) (same).

In addition to the point that setting aside a discharge is inconsistent with the Bankruptcy Code, the Smith court noted that the debtors in that case did not cite any authority in support of their motion. Id. at 127. The Smith court then reviewed a number of sections of both the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure in an attempt to determine whether any such authority existed, even if not cited to the court by the debtors. The Smith court concluded that there is no section in the Bankruptcy Code that authorizes the setting aside of a discharge by a debtor, nor did the facts in Smith provide grounds to vacate the discharge under Fed. R. Civ. P. 60(b), as incorporated by Fed. R. Bankr. P. 9024.

The Motion in this case, like the motion in the Smith case, does not cite to any authority to support the relief requested. The Court knows of no authority, either in the Bankruptcy Code or in the Federal Rules of Bankruptcy Procedure, that authorizes the Court to set aside a discharge on the facts of this case. The Court adopts the analysis in Smith, and holds that the Motion must be denied because there is no authority to grant the relief requested. Accordingly,

**IT IS HEREBY ORDERED** that the Debtor's motion (ECF No. 23) to set aside the discharge is denied.

.

```
Signed on December 03, 2015
                                        /s/ Phillip J. Shefferly
                                  Phillip J. Shefferly
                                  United States Bankruptcy Judge
```